UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARLE I. ERMAN,

       Plaintiff,

v.

       Case Number 10-13499
       Honorable David M. Lawson

DYLITE E. ADAMS, ESTATE OF DEWITT
GREGORY, ESTATE OF BERTHA BOISE,
NANCY SHELLENBARGER, GREGORY
REYNARD, CRYSTAL REYNARD, SAMUEL
C. SMITH, R. SHULTS EXCAVATING,

       Defendants.
_____/

## ORDER INDICATING COURT WOULD GRANT MOTION TO AMEND COMPLAINT AND RE-SERVE BY PUBLICATION

On September 2, 2010, Earle Erman, acting as the Receiver of BBC Equities, LLC and Bravata Financial Group, LLC, filed an action to quiet title to real property commonly known as 2511 West M-43 Highway, Rutland Township, Michigan (the Hastings Property) and to real property on 4th Street in Three Rivers, Michigan (the 4th Street Property).  The complaint described the 4th Street Property as 8109 4th Street, and not as 810 4th Street, the correct address.  Defendant Dylite Adams asserted an interest in the Hastings Property, but not the 4th Street Property.  On November 16, 2011, the Court entered judgment in favor of the Receiver, quieting title to both the 4th Street Property and the Hastings Property in the Receiver.  Defendant Dylite Adams timely appealed.  Presently, the matter is before the Court on the plaintiff's *ex parte* motion for authority to amend the complaint to correct the 4th Street Property's address,  issuance of a summons, and authority to re-serve defendants Gregory Reynard, Crystal Reynard, and Samuel C. Smith by publishing notice in the Detroit Legal News for three consecutive weeks.

"As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). However, when a party timely files a motion for relief in the district court after an appeal has been docketed, Federal Rule of Civil Procedure 62.1 provides the court with authority to either "defer considering the motion; deny the motion; or state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

The Court believes that the Receiver's error was unintentional and that any potential prejudice to the defendants will be remedied by re-serving the defendants and allowing them another opportunity to answer the complaint. The Court cannot grant the requested relief because it does not have jurisdiction over the case. However, the Court would grant the motion.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: June 11, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 11, 2012.

s/Deborah R. Tofil  
DEBORAH R. TOFIL